# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIA T. NASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 10-2261-CM |
| LANSING CORRECTIONAL ) | |
| FACILITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Julia T. Nash brings this employment discrimination action against her former employer, defendant Lansing Correctional Facility. Plaintiff claims that she was sexually harassed and suspended in retaliation for reporting the harassment. Defendant filed a Motion to Dismiss; for Stay of Discovery; and, for Additional Time to Answer (Doc. 13), claiming that (1) plaintiff's allegations fail to meet the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); (2) defendant is not an entity that can be sued; and (3) plaintiff failed to properly effect service of process. For the following reasons, the court grants defendant's motion.

The court first addresses whether defendant is an entity that can be sued, as capacity to be sued is a jurisdictional question. *See Corder v. Kan. Bd. of Healing Arts*, 889 P.2d 1127, 1144–45 (Kan. 1994); *Whayne v. Kansas*, 980 F. Supp. 387, 392 (D. Kan. 1997). Under Kansas law, the Kansas Department of Corrections is not an entity that can be sued. *Grayson v. Kansas*, No. 06-2375-KHV, 2007 WL 1259990, at *3 n.7 (D. Kan. Apr. 30, 2007). Nor is one of the Department of Corrections's detention facilities capable of being sued. *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) ("[A] detention facility is not a person or legally created entity capable of being sued."); *see also Carey v. Lawton Corr. Facility*, No. CIV-07-944-F,

2008 WL 200053, at *3 n.5 (W.D. Okla. Jan. 24, 2008) (collecting cases).  This court therefore lacks personal jurisdiction over the Lansing Correctional Facility and must dismiss the case against it.

Because the Lansing Correctional Facility is the only named defendant in the complaint, its dismissal would ordinarily close the case.  Plaintiff's response to the motion to dismiss, however, makes clear that she believes that several employees at the facility have wronged her.  Based on her response, the court suspects that plaintiff may desire to bring her case against other defendants if she cannot proceed against the Lansing Correctional Facility.  For this reason, the court will grant plaintiff a limited opportunity to seek to amend her complaint to name proper defendants in this action.  Plaintiff has ten (10) days from the date of this order to file a motion to amend her complaint to add additional defendants.  Plaintiff also should consider whether it is appropriate to add additional factual allegations about her claims, as pointed out in the motion to dismiss filed by defendant Lansing Correctional Facility.  **If plaintiff does not file a motion to amend within ten (10) days of the date of this order, the court will close the case and enter judgment in favor of defendant.**

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss; for Stay of Discovery; and, for Additional Time to Answer (Doc. 13) is granted.  Defendant Lansing Correctional Facility is dismissed from the case.  The court will wait for ten (10) days, however, before closing the case and entering judgment.  If plaintiff has not filed a motion for leave to amend her complaint in accord with Local Rule 15.1 by that time, the court will then close the case and direct the Clerk of the Court to enter judgment in favor of defendant Lansing Correctional Facility.

Dated this 3rd day of March, 2011, at Kansas City, Kansas.

                                                  **s/ Carlos Murguia**
                                                  **CARLOS MURGUIA**
                                                  **United States District Judge**